S. WOLFGANG, Appellant, v. E. D. NAUMANN, Appellee.

**BROKERS:** Compensation—Time Limit. A broker who is under contract to effect an exchange of properties within a specified time is not deprived of his compensation when he effects a contract of exchange within the time limit, but when the actual consummation of the contract is deferred beyond said time at the request of the broker's principal.

Headnote 1: 9 C. J. p. 605.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

FEBRUARY 17, 1925.

ACTION to recover commission for procuring exchange of real properties. The jury found for defendant, and plaintiff appeals.—*Reversed and remanded.*

*C. H. Van Law,* for appellant.

*J. J. Wilson,* for appellee.

ARTHUR, J.—I. The action was brought to recover for services claimed to have been rendered in procuring exchange of properties under a contract in writing, bearing date January 28, 1922, as follows:

"For the consideration of one dollar to me in hand paid by Mr. S. Wolfgang, I hereby option to Mr. S. Wolfgang all my right, title and interest in and to the 244 acres of land owned by me and located in Chickasaw County, state of Iowa. This option will be for thirty days from this date for the one half over $195 per acre, net to me. It is further agreed by me that any sale or exchange accepted by me in excess of above amount per acre, shall constitute the commission and profit of Mr. S. Wolfgang as payment for them for their interest in this option and disposition of above mentioned real estate.

"(Signed) E. D. Naumann,<br>"Per L. O. Naumann."

Defendant owned a farm of 244 acres in Chickasaw County, Iowa. Resting upon it was a mortgage incumbrance of $32,700. L. O. Naumann, who signed the contract, is the son of defendant. He was about 30 years old, lived in Marshalltown, and was by occupation a carpenter. Plaintiff was a real estate agent. Defendant had bought the farm some two years before, and had dealt for it through plaintiff as an agent. Defendant desired to dispose of his farm, and held it at $195 an acre, of which plaintiff was advised. Plaintiff approached the son, L. O. Naumann, about trading his father's farm for Kansas City property, and took him to the office of a Mr. Whitehead, who was engaged in real estate business in Marshalltown, and who had Kansas City property listed for sale or exchange. Whitehead talked to the young man about exchange of his father's farm for Kansas City property; whereupon Whitehead drew the contract in suit, and the young man signed it. The son wrote to his father that he had signed a contract, and sent him a copy of it. According to the testimony of the father and the son, the father rejected the agreement signed by his son, and refused to ratify the act of the son. Later, at the suggestion of plaintiff, the son arranged with his father to come to Marshalltown, and he came down from his Chickasaw County farm to Marshalltown. Plaintiff met the elder Naumann at the depot, and took him to the office of Mr. Whitehead. In a day or two, plaintiff, Whitehead, and the two Naumanns went to Kansas City, arriving on February 6th. Plaintiff claims that, on the way to Kansas City, defendant approved and ratified the contract made by his son, and afterwards agreed to pay the commission called for by the contract,—all of which defendant denies. Upon their arrival in Kansas City, several pieces of property were looked at, and plaintiff claims that an agreement was made for exchange of a certain flat or apartment house for defendant's farm; that, in the exchange, the farm was put in at $225 per acre, and the Kansas City property at $47,000. The farm was incumbered with a mortgage of $32,700, and the Kansas City property had a mortgage on it of $15,000. Defendant's testimony on that point is that he signed a contract for exchange of his farm for the Kansas City property on February 6th, subject to inspection of his farm by the owner of the Kansas City property; that

afterwards, on March 2d, he and Whitehead, Wolfgang not being along, again went to Kansas City, and at that time the method of paying the difference in the equities of the two properties was changed. Witness testified:

"We entered into an exchange contract on the 6th of February. The deeds were traded the middle of March. I got the deed to the same apartment house that was described in this contract of exchange, and I deeded the same farm that was described in this contract of exchange."

Witness further testified:

"On the 6th day of February, I had agreed to do all that I had to do in the exchange. It was then up to them to go and look at the farm and accept the farm. That was the situation as it developed on the 6th of February. I finally consummated the exchange that I accepted, about the middle of March, 1922."

II. The errors complained of on this appeal arise over the construction of the contract under which plaintiff claims recovery, as set forth in the instructions. The court submitted to the jury the issues of whether or not the execution of the contract sued on was authorized by the defendant, and whether or not the same was ratified, affirmed, and accepted by defendant. Following such instructions, the jury was told that, if it found that the defendant either authorized the execution and delivery of the contract in question, or ratified, affirmed, or accepted the same, and if it found further that plaintiff, under such contract, negotiated an exchange of defendant's farm for certain real estate in Kansas City, "which exchange was concluded and accepted by defendant within 30 days from and after the 28th day of January, 1922, and that the exchange price of said farm was fixed at $225 per acre, and that the plaintiff was the procuring and efficient cause of said exchange, then your verdict will be for plaintiff."

In another instruction, the court said that:

"In no event, under the contract in question, did the plaintiff have any authority to sell the farm of defendant or make the exchange for same for Kansas City property after the expiration of 30 days from and after the 28th of January, 1922."

In this connection, the jury was instructed that, if they believed from the evidence that the exchange of the farm of the defendant for the property in Kansas City, Missouri, "was not made and concluded until after the 27th day of February, 1922," then their verdict should be for the defendant.

In still another instruction, the court made plaintiff's right of recovery dependent upon the concluding of said exchange of properties within the period of 30 days from the date of the contract in suit.

Complaints of the several instructions are to the same effect: that is, that they are erroneous because they required, to entitle recovery, that the appellant should have procured a sale or exchange of defendant's farm, and that such sale or exchange of necessity must have been "completed" and "concluded" before the expiration of 30 days from and after January 28, 1922, the date of the contract sued on.

III. The writing contains first an offer to sell and the privilege to buy the Naumann farm within a fixed time,—30 days from the date of the instrument. The court construed the exchange part of the instrument as limited to the time fixed in the option: namely, 30 days. Without dispute in the record, there was an exchange contract signed on February 6, 1922; and it only remained for the Kansas City party to inspect the farm,—which, it appears, was done, and the contract accepted. It appears that, in making settlement for the property, some change was made in the method of settling for the difference in the equities of the property; but the terms of the contract as to the exchange basis were not modified in any respect, and were carried out in the exchange of deeds made later,—about the middle of March. Modification of the contract of exchange of properties was made at the request of appellee. The record discloses that, in making settlement under the contract of February 6th, appellee had been disappointed in obtaining sufficient money from a certain source to meet fully the demand for cash under his contract of February 6th, and that, to meet this situation, the Kansas City party agreed to, and did, accept a third mortgage on the property he was conveying, in lieu, in part, of this cash item. On account of said modification of the terms of the contract as to manner of performance, final ex-

change of the properties was not concluded, by exchange of deeds, until about the middle of March. We think that, this modification being merely as to mode of performance, the causing delay in complete performance beyond 30 days after the date of the contract sued on would not defeat appellant's right of recovery. *Turner v. McCormick,* 56 W. Va. 161 (49 S. E. 28). There was prejudicial error in the instructions in restricting appellant's right of recovery to complete performance of the contract of February 6th to within 30 days after the date of the contract sued on,—January 28, 1922.

In this case, it would have been proper and expedient to have propounded to the jury, by special interrogatory, the question as to whether or not E. D. Naumann either authorized the execution of the contract sued on, or affirmed and ratified the same. The jury, under the evidence, might have answered such a question in the negative; and that would have been decisive of the case, the action being predicated on the contract.

Because of the errors above pointed out in instructions, the case must be and is reversed.—*Reversed and remanded.*

STEVENS, DE GRAFF, VERMILION, and ALBERT, JJ., concur.